UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHEN W. TUCKER, individually and as
Personal Representative for the Estate of
Tammy J. Tucker, deceased,

       Plaintiff,

vs.                                                      Case No.  3:03-cv-1039-J-20MCR

PACCAR, INC., d/b/a Peterbilt, a foreign
corporation,

       Defendant/
       Third Party Plaintiff

vs

P.A.T. Auto Transport Inc.,

       Third Party Defendant.
_____/

# **O R D E R**

    **THIS CAUSE** is before the Court on Third-Party Defendant P.A.T. Auto Transport Inc.'s Motion for Leave to Disclose New Expert in Trucking and Recalls (Doc. 216) and Motion for Leave to Disclose New Expert in Engineering (Doc. 218). Third-Party Plaintiff PAACAR, Inc. filed responses in opposition to these motions (Docs. 220 and 223).

## **I. BACKGROUND**

    On October 24, 2003, Plaintiff filed a wrongful death action against Defendant, PACCAR Inc. ("PACCAR"), in state court. The complaint alleges PACCAR is liable for the death of Plaintiff's wife who was killed when she lost control of the truck she was

driving and was ejected from the vehicle. (Doc. 2). Defendant removed the action to this Court on December 8, 2003. (Doc. 1). Plaintiff's claims centered around the door latch of the vehicle in which Plaintiff and his wife were traveling at the time of the incident in which Ms. Tucker was killed. On December 22, 2003, PACCAR filed a third-party complaint for common law indemnity against P.A.T. Auto Transport, Inc. ("P.A.T."). (Doc. 5). PACCAR and Plaintiff settled their dispute in October 2005, leaving only the indemnity suit pending. After an unsuccessful attempt to mediate, the indemnity suit was set to go to trial during the June 5, 2006 trial term. (Doc. 207).

On April 3, 2006, P.A.T. sought leave to file a fourth-party complaint against United States Fidelity & Guarantee Insurance Company ("USF & G"). (Doc. 210). The Court granted this request (Doc. 212) and on April 7, 2006, P.A.T. filed a fourth-party complaint against USF & G. (Doc. 213). On May 12, 2006, USF & G filed a motion to sever the fourth-party claim or to continue the trial. (Doc. 227). Judge Schlesinger granted the motion to continue the trial and moved the trial from the June trial calendar to the trial term commencing Monday, October 2, 2006. (Doc. 231).

Back in May 2005, P.A.T. disclosed its experts, including Allan Kam as an expert in the field of trucking and recalls. On December 13, 2005, PACCAR filed a Motion in Limine to exclude the testimony of Mr. Kam. (Doc. 141). On April 12, 2006, P.A.T. filed a Notice of Withdrawal of Expert (Doc. 215) notifying the Court that its expert, Allan Kam, had unilaterally decided to withdraw as an expert in this case. On April 14, 2006, P.A.T. filed a motion (Doc. 216) seeking permission to disclose a new expert in the field of trucking and recalls as a result of Mr. Kam's unilateral withdrawal. PACCAR filed a

response in opposition to this motion on April 19, 2006 (Doc. 220).  Also on April 19, 2006, P.A.T. filed another motion to disclose a new expert (Doc. 218), this time in the field of engineering.  PACCAR filed an opposition to this motion on May 3, 2006.  (Doc. 223).  The undersigned conducted a telephonic hearing on April 17, 2006 to hear argument of counsel regarding the motions.

## II.  DISCUSSION

The Court will address each of P.A.T.'s motions separately.

### A.  P.A.T.'s Motion to Disclose New Expert in Trucking and Recalls (Doc. 216)

P.A.T. seeks leave to disclose a new expert in the area of trucking and recalls as a result of the unilateral withdrawal of its original expert in the area of trucking and recalls, Mr. Allan Kam.  Mr. Kam unilaterally withdrew from the case after learning PACCAR had filed a Daubert motion seeking to have his opinions excluded from the trial.  According to P.A.T., Mr. Kam was also the expert in trucking and recalls for the original Plaintiff, Mr. Tucker, and had a contract with Mr. Tucker's attorney which included a provision that should a Daubert motion be filed, Mr. Kam would immediately be notified and would be allowed to participate in any response to the Daubert motion.  P.A.T. claims that it was not a party to that contract with Mr. Kam and all it had was an oral agreement with him.  Apparently, P.A.T. did not immediately notify Mr. Kam of the Daubert motion, however, shortly after the Daubert motion was filed, counsel for P.A.T. conferred with Mr. Kam and agreed to work with him to address any concerns he had regarding the Daubert motion.  Counsel for Plaintiff believed Mr. Kam was satisfied with

this arrangement but on April 7, 2006, Mr. Kam unilaterally withdrew as an expert in this case.

P.A.T. claims it will be severely prejudiced without an expert in the field of trucking and recalls. P.A.T. points out that one of the elements of indemnity requires PACCAR to show that it is wholly without fault in the death of Ms. Tucker. P.A.T. asserts that PACCAR's manufacture and sale of a defective product constitutes negligence, which bars any recovery under common law indemnity. P.A.T. argues its expert will cast doubt on PACCAR's position that its recall of the subject vehicle vitiates any negligence by showing that PACCAR should have conducted a voluntary recall earlier.

PACCAR responds by first attacking P.A.T.'s implication that it was not aware of the contract between Plaintiff and Mr. Kam requiring immediate notification of a <u>Daubert</u> motion because counsel for P.A.T. provided counsel for PACCAR with a copy of the contract prior to Mr. Kam's deposition in October 2005. As such, PACCAR argues that the real reason Mr. Kam withdrew is because he did not want to be disqualified as a result of the <u>Daubert</u> motion. PACCAR further argues it will be severely prejudiced by the late disclosure as this case is set for trial during the June 5, 2006 trial term. Also, PACCAR argues that since it has already filed its <u>Daubert</u> motion, P.A.T. would be at an unfair advantage if it were permitted to retain a new expert because PACCAR has already put its "cards on the table." Finally, PACCAR argues that P.A.T. will not be prejudiced if the Court denies the motion because the new expert will testify that PACCAR should have conducted the recall earlier, however, the Court granted

PACCAR's motion in limine to exclude any evidence regarding PACCAR's conduct before the recall.  (Doc. 171).

During the May 17, 2006 hearing, the undersigned asked counsel for P.A.T. what opinions she believed the new expert would provide.  Counsel confirmed that the new expert would render opinions similar to Mr. Kam's that PACCAR should have conducted the recall earlier.  The Court then asked counsel for P.A.T. whether she believed the order granting PACCAR's motion in limine to exclude any evidence regarding PACCAR's conduct before the recall (Doc. 171), would prevent her new expert from so testifying.  Counsel for P.A.T. admitted that the Court's order granting PACCAR's motion in limine would prevent her expert from opining that PACCAR should have conducted the recall earlier, however, counsel for P.A.T. argued that she would like to proffer this new expert's testimony at the trial because she believed the order granting PACCAR's motion in limine was erroneous.

The undersigned believes P.A.T.'s motion is due to be denied.  As counsel for P.A.T. admitted, the testimony a new expert would provide is such that it would not be permitted during the trial pursuant to the order granting PACCAR's motion in limine (Doc. 171).  The Court does not believe it would be proper to allow P.A.T. to name a new expert and thereby require PACCAR to depose this new expert simply to have the expert's testimony proffered during the trial.  The undersigned has no reason to believe (and counsel for P.A.T. has failed to point to any reasons supporting her claim) that the District Judge's decision to exclude any "testimony regarding PACCAR's pre-recall conduct" (Doc. 171, p.2) was made in error.  P.A.T. did not ask the Court to reconsider

this decision and if P.A.T. wishes to proffer the opinion that PACCAR should have conducted the recall earlier to preserve any objection, it is free to use the deposition of Mr. Kam.  Accordingly, the undersigned will deny P.A.T.'s motion to disclose a new expert in the field of trucking and recalls.

**B.**     **P.A.T.'s Motion for Leave to Disclose New Expert in Engineering (Doc. 218)**

P.A.T. also seeks leave to disclose a new expert in the field of engineering because it recently learned of a 2003 model truck having the same issue with the door popping open that caused Ms. Tucker to fall out of her vehicle.  This 2003 model was built without the foam inserts that PACCAR found to be the cause of the defect on the Tucker's vehicle, yet the door still popped open.  P.A.T. argues this shows that the recall did not fix the problem.  As PACCAR bases its claims of P.A.T.'s negligence on the alleged failure of P.A.T. to respond to Peterbilt's recall, P.A.T. argues that evidence showing that the recall would not have fixed the problem renders P.A.T.'s failure to respond to the recall irrelevant.

P.A.T. also claims it recently learned that PACCAR has totally redesigned the door latch for the Model 379 (the same model at issue in this lawsuit) for the 2006 year.  P.A.T. believes the need for this redesign is because of the defect at issue in this case.  Again, P.A.T. argues this redesign will show that the performance of the recall would not have fully addressed the defective nature of the latch.  Therefore, P.A.T. would like a door latch expert to examine the 2006 latch in comparison to the latch on the Tucker's vehicle.

PACCAR responds by first pointing out that P.A.T. has been aware of the door latch issue for the entire duration of this case but never designated an engineering expert. As such, PACCAR takes the position that P.A.T. made a conscious decision not to name an engineering expert and should not be permitted to do so now. PACCAR also claims P.A.T. cannot argue that PACCAR's decision to redesign the latch somehow proves negligence because pursuant to Federal Rules of Evidence, Rule 407, one cannot prove negligence through the use of subsequent remedial measures.

The Court agrees with PACCAR that P.A.T. cannot attempt to prove PACCAR's negligence through the use of subsequent remedial measures. Although counsel for P.A.T. denied any desire to do so, the motion indicates P.A.T. would like an engineering expert to examine the new door latch, which was re-designed by PACCAR in 2006, and compare it to the latch in the Tucker's vehicle. (Doc. 218, pp. 2-3). The Court finds this would be improper and P.A.T. will not be permitted to so engage an expert.

As for P.A.T.'s request to disclose an expert to address the incident involving a 2003 model, the Court believes P.A.T. should be permitted to retain an expert to review the latch involved. P.A.T. claims it did not learn of the incident involving the 2003 truck until March 2006. During the hearing, counsel for PACCAR argued that there is no new evidence. PACCAR claims that the 2003 model has been out for three years and Plaintiff's engineering expert, Andrew Gilberg, provided testimony back in 2005 that PACCAR's recall would not have fixed the problem. The Court is not convinced by PACCAR's argument. Neither party has pointed to any other previously known incidents involving a door popping open in a 2003 model. As such, the Court believes

the new evidence learned by P.A.T. that a latch in a 2003 model failed is such that P.A.T. should be permitted to retain an expert to investigate.  Moreover, PACCAR's more compelling argument was that permitting an expert at this late date would be extremely prejudicial.  However, on May 25, 2006, the District Judge granted USF & G's motion to continue the trial and postponed the trial until October 2, 2006.  As such, any prejudice to PACCAR is certainly lessened.

Accordingly, after due consideration, it is

**ORDERED**:

1. Third-Party Defendant P.A.T. Auto Transport Inc.'s Motion for Leave to Disclose New Expert in Trucking and Recalls (Doc. 216) is **DENIED**.

2. Third-Party Defendant P.A.T. Auto Transport Inc.'s Motion for Leave to Disclose New Expert in Engineering (Doc. 218) is **GRANTED in part** as explained in the body of this Order.  P.A.T. shall disclose the opinion of its engineering expert no later than **June 9, 2006**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  31st  day of May, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record